**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

CHRISTIAN JIMENEZ and
LESLIETH ALARCON,

                    Petitioners,

v.                                    CIVIL ACTION NO. 3:26-0327

KENNETH BARNETT,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
JOHN RIFE,
Field Office Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement;
TODD M. LYONS,
Acting Director,
United States Immigration and Customs Enforcement;
MARKWAYNE MULLIN,
Secretary of Homeland Security;
TODD BLANCHE,
Acting United States Attorney General,
in their official capacities,

                    Respondents.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioners Christian Jimenez and Leslieth Alarcon's Verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. *Pet.*, ECF No. 1, and Respondents' Motion to Dismiss Petition for Mootness, ECF No. 6. Respondents ("the Government") include Kenneth Barnett, Supervisory Detention and Deportation Officer, United States Immigration and Customs Enforcement (ICE); John Rife, Field Office Director, Philadelphia Field Office, ICE; Todd M. Lyons, Acting Director, ICE; Markwayne Mullin, Secretary of Homeland Security; Todd Blanche, Acting United States Attorney General.

The Petition was filed on May 8, 2026, along with a Motion for Immediate Order to Show Cause and Immediate Order Preventing Removal or Transfer of Petitioners Pending Disposition of Petition. ECF No. 1; ECF No 4. The Court entered an Order, in part, requiring Respondents to file a written response to show cause, if any, as to why the Petition should not be granted by May 11, 2026, and scheduling a hearing for May 12, 2026. *O.S.C.*, ECF No. 5. Respondents filed a motion to dismiss for mootness, along with a memorandum in support, because Petitioners were released from detention on May 11, 2026. *Gov't's Mot. to Dismiss for Mootness*, ECF No. 6 ("Gov't's Mot."); *Gov't's Mem of L. in Supp. of Mot. to Dismiss Pet. for Mootness* 4, ECF No. 7 ("Gov't's Mem. of L."). Petitioners' Reply was filed on the morning of May 12, 2026. *Pet'rs' Reply in Supp of Pet.*, ECF No. 9 ("Pet'rs' Reply"). The Court permitted additional briefing by both parties [1] and ultimately cancelled the continued Show Cause Hearing, finding it was unnecessary. ECF Nos. 15, 18. The Petition is ripe for review. For the following reasons, Respondents' Motion to Dismiss, ECF No. 6, is **DENIED**, and Petitioners' Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**.

## I.    BACKGROUND

Petitioners, residents of Proctorville, Ohio, were arrested on May 8, 2026, by ICE after a traffic stop in Apple Grove, West Virginia. *Pet*. ¶¶ 8–9. That same day, Petitioners were released with conditions including, but not limited to, "successful participation" in Homeland Security's "Alternatives to Detention Program," which renders them "subject to electronic monitoring" and potentially curfew, and requires them to report for hearings or interviews in Brooklyn, Ohio. *Alarcon Gomez Order of Release on Recognizance* 1, 5, Gov't's Ex. A, ECF No. 6-1; *Jimenez*

---

[1] *Gov't's Reply in Opp. to Pet'rs' Resp. to Gov't's Mot. to Dismiss Pet. for Mootness* ("Gov't's Reply"), ECF No. 16; *Pet'rs' Sur-Reply in Supp. of Pet.* ("Pet'rs' Sur-Reply"), ECF No. 17.

*Toledano Order of Release on Recognizance* 1, 5, Gov't's Ex. B, ECF No. 6-2. Additionally, the orders of release include that Petitioners' failure to comply may result in revocation of release and return to ICE detention. *Alarcon Gomez Order of Release on Recognizance* 1; *Jimenez Toledano Order of Release on Recognizance* 1. Petitioners represent that the office they have been assigned to for reporting is more than four hours away from their residence. *Pet'rs' Reply* 9.

Petitioners filed this habeas corpus action requesting "immediate release from immigration detention, or in the alternative, an order directing Respondents to provide them with a constitutionally adequate custody hearing before a neutral decisionmaker with authority to assess the necessity of detention and to order release on appropriate conditions." *Pet.* ¶ 2. Petitioners argue that their "civil confinement is maintained without any individualized determination of flight risk, danger to the community, or the availability of conditions of release" in violation of the Immigration and Nationality Act (INA) and the Due Process Clause of the Fifth Amendment. *Id.* ¶ 3.

Following Petitioners' release from detention, Petitioners request that the Court "restore the status quo ante by ordering that Petitioners be unconditionally released from custody–subject to re-arrest, re-detention, or additional conditions of release only with prior leave of this Court, or alternatively, only under narrowly specified circumstances deemed appropriate by this Court." *Pet'rs' Reply* 10.

## II.    STANDARD OF REVIEW

A petitioner may be entitled to habeas corpus relief if a district court determines the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (citations omitted); 28 U.S.C. § 2241(c)(3).

"The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

A motion to dismiss may challenge a Court's jurisdiction. The Constitution limits federal courts' jurisdiction to the adjudication of actual cases or controversies. See U.S. Const. Art. III § 2. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citation omitted). "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969).

### III.    DISCUSSION

#### 1. *Motion to Dismiss*

The Government moves the Court to dismiss the Petition, arguing that because Petitioners were released on recognizance on the same day as their arrest, Petitioners are no longer in custody, a requirement for Section 2241 proceedings, and that the Petition no longer presents a case or controversy. *Gov't's Mem of L.* 2, 4.

Petitioners disagree with Respondents' argument for three reasons: (1) full relief has not been afforded; (2) the voluntary cessation doctrine applies to habeas proceedings like this one because the Government is not precluded from unlawfully detaining Petitioners again; and (3) the conditions that authorize the Government to impose electronic monitoring render Petitioners in continuous custody for habeas corpus purposes. *Pet'rs' Reply* 2, 4, 6.

The Government opposes, stating that the request for injunctive relief asserted, for the first time, within Petitioners' Response, which claims hypothetical and speculative future injuries, are

not sufficient to establish a "case or controversy" before the Court. *Gov't's Reply* 3–4 (citing U.S. Const. art. III, § 2, cl. 1). The Court is not persuaded by the Government's argument that it cannot address continuous implications of the detention addressed by the Petition. Regardless of whether the Petitioners are currently experiencing electronic monitoring, the condition states they "will be subject to electronic monitoring." *Alarcon Gomez Order of Release on Recognizance* 1; *Jimenez Toledano Order of Release on Recognizance* 1.

The Fourth Circuit explained that a petitioner's release from custody does not deprive a court of jurisdiction, based on the language within Section 2241(c), so long as the petition was filed when the petitioner was in custody. *Bell v. Streeval*, 147 F.4th 452, 459 (4th Cir. 2025). The Government has never challenged that the petition was filed while the Petitioners were in custody and not even yet released on recognizance.

Equally unavailing is the Government's argument that its voluntary release of Petitioners moots the Petition. A release does not moot a habeas corpus petition unless "it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Id.* The argument that there is no further relief to be granted is plainly wrong. Respondents have imposed significant conditions on Petitioners, including that "[a]s part of the ATD program, you will be subject to electronic monitoring and may be subject to a curfew." *Alarcon Gomez Order of Release on Recognizance* 1; *Jimenez Toledano Order of Release on Recognizance* 1.

The Court agrees with Petitioners' assertion that the Government's voluntary cessation of Petitioners' detention does not render the claim moot, as the Government has not carried its "formidable burden" to establish the challenged practice "cannot reasonably be expected to recur." *Pets.' Reply 4* (citing *Fed. Bureau of Investigation v. Fikre*, 601 U.S. 234, 241 (2024)). Further, the Supreme Court has recently applied the doctrine in an immigration context.

-5-

*A. A. R. P. v. Trump*, 605 U.S. 91, 98 (2025). The Government's reference to Fourth Circuit cases is unpersuasive, as they are either antiquated or address irrelevant circumstances to the recent immigration habeas corpus cases before the Court. *Gov't's Reply* 6. The Court fundamentally disagrees with the statutory interpretation in *Martinez Santander v. Mordant*, No. 2:26-cv-164-KCD-NPM, 2026 WL 685651 (M.D. FL Mar. 11, 2026), a decision from a district court in the Middle District of Florida relied upon by the Government. *Id.* Additionally, as Petitioners argue, that court fails to distinguish a decision to impose conditions by an immigration judge compared to one by ICE officers when determining it lacks power to review the condition of release. *Pet'rs' Sur-Reply* 9 (citing *Martinez Santander*, 2026 WL 685651, at *1).

Accordingly, Respondents' Motion to Dismiss will be denied.

### 2. *Habeas Corpus Petition*

Next, the Court addresses the Petition. Respondents did not challenge the grounds for relief stated in the Petition and instead argued dismissal was appropriate on the basis of mootness. *Gov't's Mem of L.* 4. The Court specifically provided an opportunity for Respondents to address both the argument on mootness and the petition itself. *Order*, ECF No. 15. Respondents solely argue that ICE officers have the authority to impose conditions of release and still did not address Petitioners' arguments within the Petition surrounding the unconstitutional nature of the initial detention. *Gov't's Reply* 7.

The Government only provided documentation of Petitioners' Orders of Release on Recognizance. *Alarcon Gomez Order of Release on Recognizance* 1; *Jimenez Toledano Order of Release on Recognizance* 1. The Petition states that Petitioners' initial detentions were unlawful. *Pet.* ¶¶ 3, 28, 33. Respondents do not put forth a statutory basis for their initial arrest and detention of Petitioners. Courts have viewed silence as a concession. *See N-E-M-B v. Wamsley*, No. 3:25-

cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition.").

The detention of individuals like these Petitioners, who were arrested within the interior of the United States, is governed by § 1226(a). The statutory interpretation of this Court[2] surrounding the detention of undocumented immigrants in these circumstances has not changed and is consistent with the courts within this District,[3] most courts around the United States of America,[4] and the Second, Eleventh, and Sixth Circuit Courts of Appeal.[5] While Petitioners are no longer in detention, they are subject to a substantial limitation of their liberty interest given the conditions that were imposed pursuant to their detention governed by § 1226(a).

The Government claims ICE's authority to impose conditions on Petitioners derives from 8 U.S.C. § 1226. *Gov't's Reply* 8 (citing 8 C.F.R. §§ 1236.1(c)(8), 236.1(c)(8)).

---

[2] *See e.g., Linarez Vilchez v. Kluemper*, No. 3:26-0261, 2026 WL 1049282 (S.D. W. Va. Apr. 17, 2026); *Simanca Gonzalez v. Aldridge,* No. 3:26-0055, 2026 WL 313476 (S.D. W. Va. Feb. 5, 2026); *Shailookul Uulu v. Aldridge*, No. 3:26-0076, 2026 WL 401200 (S.D. W. Va. Feb. 12, 2026); *Sanchez v. Noem*, No. CV 3:26-0067, 2026 WL 483475, at *4 (S.D. W. Va. Feb. 20, 2026).

[3] *Carillo v. Mason*, No. 2:26-cv-00150, 2026 WL 561055, at *3 (S.D. W. Va. Feb. 27, 2026) (collecting cases).

[4] *Bethancourt Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025) (collecting cases); *Barco Mercado v. Francis*, No. 25-cv-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (collecting cases); *Yao v. Almodovar*, No. 25-CV-9982, 2025 WL 3653433, at *10, *12 (S.D.N.Y. Dec. 17, 2025) (collecting cases).

[5] *Barbosa da Cunha v. Freden*, --- F.4th ---, 2026 WL 1146044 (2d Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, --- F.4th ---, 2026 WL 1243395 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, --- F.4th ---, 2026 WL 1283891 (6th Cir. 2026). The Court finds more persuasive the dissenting opinions in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and Judge Lee's opinion in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, --- F.4th ---, 2026 WL 1223250, at *1 (7th Cir. 2026).

The Court will begin by reviewing the Government's supposed authority which, in pertinent part, follows:

**8 U.S.C. § 1226. Apprehension and detention of aliens.**
**(a) Arrest, detention, and release**
On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General--
(1) may continue to detain the arrested alien; and
(2) may release the alien on--
(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
(B) conditional parole[.]

**8 C.F.R. § 236.1 Apprehension, custody, and detention.**
(c) *Custody issues and release procedures* — . . . (8) Any officer authorized to issue a warrant of arrest may, in the officer's discretion, release an alien not described in section 236(c)(1) of the Act, under the conditions at section 236(a)(2) and (3) of the Act; provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding. Such an officer may also, in the exercise of discretion, release an alien in deportation proceedings pursuant to the authority in section 242 of the Act (as designated prior to April 1, 1997), except as otherwise provided by law.

The Court first observes that in order to release, one must catch. The catch, under 8 U.S.C. § 1226, requires a warrant. The Government does not represent that a warrant was issued. Additionally, in the exercise of discretion to determine if release is warranted, the officer must make an evaluation of danger and risk of flight. Assuming without deciding that an officer can independently impose conditions of release that impede individual's liberty interest,[6] the Government provides no

---

[6] Respondents cite cases where courts have held that intensive supervision measures cannot be imposed without constitutionally compliant pre-deprivation procedures. *Pet'rs' Sur-Reply* 8 (citing *Harrington v. Albarran*, No. 26-cv-01889-JST, 2026 WL 800113, at *6 (N.D. Cal. Mar. 23, 2026); *A.B.D. v. Wamsley*, No. 6:25-cv-02014-AA, 2026 WL 178306, at *10 (D. Or. Jan. 22, 2026)).

evidence that an officer made an evaluation before determining the necessity of electronic monitoring and reporting requirements.

Petitioners argue that this case is not a typical detention pursuant to Section 1226, rather, the determination to impose conditions was made in efforts to moot the Petition and as a result of a blanket ICE policy. *Pet'rs' Sur-Reply* 8–9. This circumstance is distinguishable from detention and release with conditions made pursuant to procedure set forth in Section 1226. The Government did not have authority for the initial detention of Petitioners; thus, the Government does not have authority to continue to hold Petitioners in custody by way of the conditions imposed pursuant to the unlawful detention.

Lastly, the Government cites cases where conditions of electronic monitoring were deemed non-violative of petitioners' fundamental rights in circumstances where the petitioners were subject to final orders of removal. *Gov't's Reply* 9–11. The orders of release on recognizance state that Petitioners are being "placed in removal proceedings." *Alarcon Gomez Order of Release on Recognizance* 1; *Jimenez Toledano Order of Release on Recognizance* 1. Petitioners are not subject to final orders of removal.

Pursuant to 28 U.S.C. § 2243, the Court must dispose of this matter "as law and justice require." As the Supreme Court has stated, "[i]ts mandate is broad with respect to the relief that may be granted." *Carafas v. LaVallee*, 391 U.S. 234, 239 (1968). Petitioners have, too, requested that the Court grant relief that it deems "just and appropriate." *Pet'rs' Sur-Reply* 10 (citing *Pet.* 16). Petitioners have not received due process they are entitled in association with their deprivation of liberty interest governed by § 1226(a). The Court will grant the Petition, and Petitioners are due relief.

### IV.    CONCLUSION

Accordingly, Respondents' Motion to Dismiss, ECF No. 6, is **DENIED**, and Petitioners' Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**. Petitioners have already been released from detention but are entitled to additional relief considering the imposed conditions of release. Petitioners' initial detention was unlawful, and all conditions imposed pursuant to it – including electronic monitoring, participation in U.S. Department of Homeland Security's Alternatives to Detention Program, and reporting obligations in Brooklyn, Ohio – are **VACATED**.

Respondents are **PERMANENTLY ENJOINED** from detaining Petitioners or subjecting them to conditions of release during the pendency of their removal proceedings under § 1226(a) unless and until it is determined that such is warranted with a constitutionally adequate pre-deprivation hearing evaluating flight risk or a danger to the community. Respondents are **PERMANENTLY ENJOINED** from detaining Petitioners pursuant to 8 U.S.C. § 1225(b)(2)(A).

ENTER:        May 19, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE